[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was commenced by the plaintiff's complaint dated September 17, 1992, with a return date of October 13, 1992. On April 21, 1993, the defendant filed her answer and four special defenses. The plaintiff filed her answers (Reply) to the defendant's four special defenses on December 7, 1993. The plaintiff's complaint is in three counts, the theories of which are conversion, theft and bailment. The plaintiff, Virginia Rossi, testified that for four years, she had operated two tanning salons, one of which is in Waterbury. In October 1991, she owned two Vitasun Riviera SL15-13 tanning beds. At that time, the plaintiff's Waterbury salon had five tanning rooms. The defendant, Christine Orsini, and the plaintiff agreed that the defendant would do massage therapy in the plaintiff's salon, commencing October 1, 1991. To make room for the defendant, the parties agreed that one of the tanning rooms with the aforementioned tanning bed would be given to the defendant. It was stipulated to by the parties that the plaintiff purchased the Vitasun Riviera SL15-13 tanning bed on May 29, 1990, for $2,000.00. The plaintiff testified that the defendant agreed to remove said tanning bed and store it so that she would have a room in the plaintiff's salon. The defendant testified that she never made any agreement as to the bed, other than that her then boyfriend would transport it to the home of Kenneth O'Bernier, where it would be stored. Both parties agreed that the defendant's then boyfriend and another friend removed said tanning bed from the plaintiff's salon and took it to the home of Kenneth O'Bernier for storage. The parties were present at the plaintiff's salon when this was done. The plaintiff did not go to Mr. O'Bernier's house with said bed because, she testified, she did not get along with his wife. Mr. O'Bernier was also in the tanning business. The plaintiff testified that she went with the defendant to the O'Bernier home about a month and a half later and saw the tanning bed stored in the garage on that property. The plaintiff testified that this place of storage was acceptable to her.
In December 1991, the business arrangement between the plaintiff and defendant was terminated. The plaintiff testified that the defendant moved out of her salon in early January 1992, but that she never returned the aforementioned tanning bed. The plaintiff testified that on March 27, 1992, said bed was removed from the O'Bernier home by the defendant. She testified she was out of town at that time and that when said bed was not returned, her mother reported it stolen to the Wolcott Police Department. Subsequently, the bed was recovered by the Wolcott Police CT Page 9922 Department in November 1992 (see Exhibits A1-A8). The defendant testified that Kenneth O'Bernier wanted said tanning bed out of his house because he was selling his property. Thus, the defendant called Mr. O'Bernier and asked him to leave his home unlocked so that she and her boyfriend could get said bed. She stated this was never accomplished because her boyfriend never showed up with his truck to move the bed. The defendant insisted she never agreed to store or be responsible for said bed.
The plaintiff claims damages of $2,000.00.
After hearing the evidence, the court finds that the plaintiff did not sustain her burden of proof on any of the counts in her complaint. Therefore, the court finds the issues for the defendant.
Judgment may enter accordingly.
WILLIAM J. SULLIVAN, J.